**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ANTHONY BLUE<br>221 E. 30TH STREET<br>LORAIN, OH 44052<br><br>*Plaintiff,*<br><br>-vs-<br><br>JARED ADKINS<br>OFFICER JOHN DOE<br>(INDIVIDUALLY AND IN HIS OFFICIAL<br>CAPACITIES AS EMPLOYEES OF THE CITY OF<br>LORAIN)<br>C/O LORAIN POLICE DEPARTMENT<br>200 W. ERIE AVE,<br>LORAIN, OHIO 44052<br><br>AND<br><br>CITY OF LORAIN<br>200 W. ERIE AVE,<br>LORAIN, OHIO 44052<br><br>AND<br><br>JOHN DOE<br>200 W. ERIE AVE,<br>LORAIN, OHIO 44052<br>(INDIVIDUALLY AND IN HIS/HER OFFICIAL<br>CAPACITIES AS EMPLOYEES OF THE CITY OF<br>LORAIN)<br><br>*Defendants.* | CASE NO.<br><br>JUDGE<br><br><br>**PLAINTIFFS' COMPLAINT**<br><br><br><br>**JURY DEMAND ENDORSED<br>HEREON** |

GENERAL ALLEGATIONS

1. Plaintiff, Anthony Blue (hereinafter "Mr. Blue"), is an individual and at all times

   relevant, is a resident of the City of Lorain, in Lorain County, Ohio.

2. Defendant Jared Adkins (hereinafter "Officer Adkins or Adkins or Defendant") is an individual resident of Lorain County, and is employed by the Lorain Police Department. At all relevant times, Officer Adkins acted under color of state law and in his capacity as a Lorain police officer.

3. Defendant Officer John Doe (hereinafter "Officer Doe" or John Doe Officer or Defendant") is an individual resident of Lorain County, and is employed by the Lorain Police Department. At all relevant times, Officer Doe acted under color of state law and in his capacity as a Lorain police officer.

4. Defendant the City of Lorain is a governmental entity existing under the laws of the State of Ohio with authority overseeing the Lorain Police Department, Officer Adkins, and Officer Doe in their official capacity as Lorain police officers.

5. Lorain Police Department is a governmental entity with authority overseeing, Officer Adkins and Officer Doe in their official capacity as Lorain police officers.

6. At all relevant times, Defendant City of Lorain and Defendant Lorain Police Department is liable to Mr. Blue for the injuries he sustained under the theory of "respondeat superior" in connection with the conduct if its employees.

7. At all times, the aforementioned Defendants acted within the city limits of Lorain, in violation of 42 USC § 1983, federal, and other state level offenses which caused Mr. Blue to sustain injury.

### JURISDICTION AND VENUE

8. This court has jurisdiction over these claims pursuant to 28 USC §§ 1331, 1367, 2201, 2202, and 42 USC § 1983.

2

9. Venue is properly laid in this court pursuant to 28 USC §1391(b), as the Defendants reside in, and the claim arose in the Northern District of Ohio.

## FACTUAL ALLEGATIONS

10. Plaintiff alleges each allegation contained in paragraphs 1 through 9 as if the same were fully restated herein.

11. On or about September 6, 2024, Officer Adkins and Officer Doe conducted surveillance outside Mr. Blue's residence after receiving anonymous complaints of drug activity at Mr. Blue's home.

12. While conducted surveillance, Officer Adkins knew that Mr. Blue had an active child-support warrant which rendered him arrestable.

13. Upon returning home, Mr. Blue walked to the back of his home and caused a bag that he had been carrying to rest in an enclosed porch at the back of the house.

14. While this was occurring, Mr. Blue subsequently encountered Officer Adkins in the driveway of his home.

15. After a short encounter between Officer Adkins and Mr. Blue, Officer Adkins placed Mr. Blue in handcuffs.

16. Officer Adkins and Lorain police then confirmed Mr. Blue's child-support warrant .

17. Mr. Blue was subsequently placed in the back of a Lorain Police patrol car.

18. Officer Adkins and several John Doe Lorain Police officers subsequently entered Mr. Blue's enclosed porch, recovered the bag that he had be carrying, and searched the bag.

19. As a result of the search, Mr. Blue was charged with drug possession in Lorain County Common Pleas Court, in criminal case number 24-CR-112380.

20. As a result of Mr. Blue's arrest and the subsequently indictment, Mr. Blue was incarcerated for approximately 13 months.

21. Case number 24-CR-112380 was subsequently dismissed after the Lorain County Common Pleas Court found that Officer Adkins and the several John Doe Lorain Police officers violated Mr. Blues' Fourth Amendment protection against unreasonable searches and seizures.

22. After Case number 24-CR-112380 was dismissed, Mr. Blue was subsequently released from custody.

<u>COUNT ONE 42 USC § 1983 VIOLATION OF THE FOURTH AMENDMENT</u>

23. Plaintiff alleges each allegation contained in paragraphs 1 through 22 as if the same were fully restated herein.

24. On September 6, 2024, Officer Adkins and the several John Doe Lorain Police officers were acting under the color of law and within the course and scope of their employment with the Defendant City of Lorain and the Lorain Police Department when they made contact with Mr. Blue.

25. On September 6, 2024, Officer Adkins and several John Doe Lorain Police officers entered Mr. Blues' home without a valid search warrant or arrest warrant.

26. On September 6, 2024, Officer Adkins and the several John Doe Lorain Police officers searched Mr. Blue's enclosed porch without his consent.

27. No exception existed that would have justified Officer Adkins or Officer Doe search of Mr. Blue's property without a valid search warrant or Mr. Blue's consent.

4

28. On August 15, 2025, Lorain County Common Pleas Court entered a ruling that Officer Adkins and the John Doe officers violated Mr. Blue's Fourth Amendment Right to be free from unreasonable searches and seizures.

29. Officer Adkins' and the John Doe officers' actions surrounding the search of Mr. Blue's property on September 6, 2024, caused Mr. Blue to suffer injury.

<u>COUNT TWO AND THREE 42 USC § 1983 VIOLATION OF FOURTH AMENDMENT FAILURE TO TRAIN, FALURE TO SUPERVISE</u>

30. Plaintiffs allege each allegation contained in paragraphs 1 through 29 as if the same were fully restated herein.

31. On September 6, 2024, Officer Adkins and several John Doe Lorain Police officers were acting under the color of law and within the course and scope of their employment with the Lorain Police Department and Defendant City of Lorain when they made contact with Mr. Blue.

32. The Lorain Police Department has a history of Fourth Amendment unlawful search violations dating back to 1990.

33. The City of Lorain and the Lorain Police Department has been placed on notice of Lorain Police Officers past Fourth Amendment unlawful search violations in the following cases *State v. McGhee*, C.A. No. 90CA004812, 1990 Ohio App. LEXIS 4776, at *1 (Ct. App. Oct. 31, 1990); *United States v. Hill*, No. 1:05-CR-00274, 2006 U.S. Dist. LEXIS 25155, at *1 (N.D. Ohio Apr. 19, 2006), *State of Ohio v. Anthony Blue*, No. 24CR112380, Lorain County Common Pleas (Aug. 14, 2025), among others.

34. Not just Officer Adkins but several other Lorain Police officers were involved in the unlawful search of Mr. Blue's residence on September 6, 2024.

35. The City of Lorain and the Lorain Police Department have failed to properly train Officer Adkins and the several other Lorain Police officers who involved in the unlawful search of Mr. Blue's residence on September 6, 2024.

36. The City of Lorain, the Lorain Police Department, and Officer Adkins, who holds seniority and advance training and experience over the several other involved Lorain Police officers, failed to properly train and supervise these officers on appropriate Fourth Amendment conduct.

37. There is no indication that Officer Adkins or the several other Lorain Police officers have received proper Fourth Amendment training or supervision since September 6, 2024.

38. Officer Adkins and the several other Lorain Police officers' conduct on September 6, 2024, proves that the City of Lorain and the Lorain Police Department tolerate a custom of unlawful Fourth Amendment violations.

39. This conduct by the City of Lorain and the Lorain Police Department Defendants has cased Mr. Blue to suffer harm.

COUNT FOUR TREASPASS

40. Plaintiffs allege each allegation contained in paragraphs 1 through 39 as if the same were fully restated herein.

41. On September 6, 2024, Officer Adkins and several John Doe Lorain Police officers unlawfully and with intent, entered onto Mr. Blues' land and his enclosed porch.

42. Officer Adkins and the several John Doe Lorain Police officers did not have Mr. Blues' consent to enter his land or his enclosed porch.

6

43. Officer Adkins and the several John Doe Lorain Police officers' intrusion into Mr. Blues land and enclosed porch interfered with his right of exclusive possession of the land and porch.

44. Officer Adkins and the several John Doe Lorain Police officers' September 6, 2024, intrusion caused Mr. Blue to suffer harm

COUNT FIVE INVASION OF PRIVACY

45. Plaintiffs allege each allegation contained in paragraphs 1 through 44 as if the same were fully restated herein.

46. On September 6, 2024, Officer Adkins and several John Doe Lorain Police officers unlawfully and with intent, entered onto Mr. Blues' land and his enclosed porch.

47. Mr. Blue, like all other U.S. citizens, retain an expectation of privacy in the home and the material they bring on their land.

48. While on Mr. Blue's land, Officer Adkins and several John Doe Lorain Police officers committed constitutional violations which lead to Mr. Blues arrest.

49. Officer Adkins and the several John Doe Lorain Police officers' constitutional violations amount to outrageous conduct.

50. Mr. Blues' September 6, 2024, arrest caused him to suffer shame and humiliation.

51. Officer Adkins and the several John Doe Lorain Police officers' September 6, 2024, invasion conduct caused Mr. Blue to suffer harm.

COUNT SIX INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiffs allege each allegation contained in paragraphs 1 through 51 as if the same were fully restated herein.

7

53. Officer Adkins and the several John Doe Lorain Police officers have a duty to uphold the laws of Ohio and the law of the United States when interacting with individual citizens.

54. Officer Adkins and the several John Doe Lorain Police officers owed a duty to Plaintiff to follow Fourth Amendment protection when encountering the Plaintiff on September 6, 2024.

55. Officer Adkins and the several John Doe Lorain Police officers breached their duty to Plaintiff when they committed Fourth Amendment violation while on his land.

56. Officer Adkins' and the several John Doe Lorain Police officers breached was the proximate and cause in fact of Plaintiff's injury.

57. Officer Adkins and the several John Doe Lorain Police officers' constitutional violations amount to outrageous conduct.

58. Officer Adkins and the several John Doe Lorain Police officers' constitutional violations cause Plaintiff to be incarcerated, and while Plaintiff was incarcerated, his sister died.

59. Officer Adkins and the several John Doe Lorain Police officers conduct caused Plaintiff to suffer sever emotional distress.

**WHEREFORE,** Mr. Blue respectfully prays for judgment in his favor and against Defendants jointly and severally in the amount in excess of 75,000 seventy-five thousand dollars plus attorney's fees, costs and fees and any other relief the court deems necessary.

8

Respectfully submitted,

**ALEX BODIFORD**

___/s/_____*Alex bodiford*_____
Alex Bodiford
DBS LAW P.L.L.C.
4501 Woodward Ave., Suite 101B-243
Detroit, MI 48201
Phone: 216-525-9982
Email: attorneyalexbodiford@gmail.com

___/s/_____*Dan Smith*_____
Dan Smith
DBS LAW P.L.L.C.
4501 Woodward Ave., Suite 101B-243
Detroit, MI 48201
Phone: 216-525-9982
Email: dbsmith.esq@gmail.com

## JURY DEMAND

Plaintiffs respectfully request and demand that the above causes of action be tried by a jury.

Respectfully submitted,

**ALEX BODIFORD**

___/s/_____*Alex bodiford*_____
Alex Bodiford
DBS LAW P.L.L.C.
4501 Woodward Ave., Suite 101B-243
Detroit, MI 48201
Phone: 216-525-9982
Email: attorneyalexbodiford@gmail.com

___/s/_____*Dan Smith*_____
Dan Smith
DBS LAW P.L.L.C.
4501 Woodward Ave., Suite 101B-243
Detroit, MI 48201
Phone: 216-525-9982
Email: dbsmith.esq@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Complaint* will be served as soon as

the summons is available on the following persons by certified mail, return receipt requested.

The Lorain Law Director is counsel for the City of Lorain and the Lorain Police Department.

**Patrick Riley**
**LORAIN LAW DIRECTOR**
200 W ERIE AVE., # 706
LORAIN, OHIO, 44052

**JARED ADKINS**
**LORAIN POLICE DEPARTMENT**
200 W. ERIE AVE,
LORAIN, OHIO 44052

Respectfully submitted,

**ALEX BODIFORD**

___/s/____*Alex bodiford*_____
Alex Bodiford
DBS LAW P.L.L.C.
4501 Woodward Ave., Suite 101B-243
Detroit, MI 48201
Phone: 216-525-9982
Email: attorneyalexbodiford@gmail.com

___/s/____*Dan Smith*_____
Dan Smith
DBS LAW P.L.L.C.
4501 Woodward Ave., Suite 101B-243
Detroit, MI 48201
Phone: 216-525-9982
Email: dbsmith.esq@gmail.com

11